[Civ. No. 9633.   Second Appellate District, Division One.—March 12, 1936.]

MAUDE RUSSELL et al., Appellants, v. ROBERT S. SMITH, Respondent.

R. A. Dunnigan for Appellants.

Frankley & Spray, Joseph A. Spray and W. H. Abrams for Respondent.

WHITE, J., *pro tem.*—This is an appeal by plaintiffs from a judgment entered in favor of defendant after an order granting his motion for nonsuit. Plaintiffs are the surviving widow and minor daughter of Floyd A. Russell, a state motorcycle police officer, and bring this action under the provisions of section 377 of the Code of Civil Procedure to recover damages for the death of said Floyd A. Russell, which occurred as the result of a collision between a motorcycle operated by him and an automobile driven by defendant. The accident occurred after dark, about 6:45 P. M., January 4, 1933, in a sparsely settled district on Pomona Boulevard, also known as Valley Boulevard, at a point near the extreme easterly entrance to what is known as "Pacific Colony", a state institution. Valley Boulevard is a four-lane highway running in a general easterly and westerly direction. The roadway leading into the grounds of Pacific Colony runs south from said highway and joins Valley Boulevard in the shape of a "T". The entrance leading from the grounds of Pacific Colony to Valley Boulevard is 124 feet in width, until it reaches a point about 75 feet south of the boulevard, at which point it fans out to the east and to the west, so that where the extrance actually joins Valley Boulevard it is approximately 220 feet in width. This entrance is divided into three sections, an east and west driveway, on which driveways the traffic proceeds, and a center portion used as a parkway.

The defendant was driving his automobile in a westerly direction on Valley Boulevard, and was making a left turn in a southerly direction off the highway onto the easterly driveway, which is 20 feet in width, when the motorcycle operated by the deceased officer, and going in an easterly direction, collided with defendant's automobile. The deceased motorcycle officer and a fellow officer had been pursuing, for a distance of about four miles, two speeding automobiles in an effort to apprehend the drivers of said automobiles and arrest them for violation of the California Vehicle Act.

Appellants assail the judgment on the ground that the trial court fell into error in holding as a matter of law that the deceased was guilty of negligence and that his negligence proximately contributed to the collision, and assert that the evidence is such as to warrant a reasonable deduction and conclusion that defendant was guilty of negligence in failing to proceed to the right of and beyond the center portion of the intersection before making a left turn; also in failing to see that such left turn could be made in safety (secs. 129, 130, California Vehicle Act, 1931); further, that defendant was guilty of negligence in not yielding the right of way to the authorized emergency vehicle operated by the deceased officer on official business (subd. b, sec. 132, California Vehicle Act); and that such negligence was the sole proximate cause of the accident.

In order to determine the question as to whether the record herein contains competent evidence of such a substantial nature that it might reasonably be inferred therefrom that the negligence of the defendant automobile driver was the sole proximate cause of the accident, we deem it advisable to epitomize the testimony adduced at the trial, for it is now the settled law of this state that a nonsuit may be granted only when, disregarding conflicting evidence, and giving to plaintiff's evidence all the value to which it is legally entitled, herein indulging in every legitimate inference which may be drawn from the evidence, the result is a determination that there is not evidence of sufficient substantiality to support a verdict in favor of plaintiff if such a verdict were given. (*Estate of Flood*, 217 Cal. 763, 768 [21 Pac. (2d) 579].)

Without conflict the evidence showed that the deceased motorcycle officer, in company with another officer, was traveling along Valley Boulevard for a distance of four miles at the rate of from 60 to 65 miles per hour, in an attempt to apprehend two law violators. The white headlight and the red light of decedent's motorcycle were lighted, but at no time did either officer sound the siren on his vehicle. The deceased was riding about 200 feet ahead of his fellow officer, and the latter testified that when deceased got past the center line of the entrance to Pacific Colony the defendant's automobile made a left-hand turn in front of Officer Russell, with the resultant collision.

Respondent contends that even conceding that he was negligent as claimed, nevertheless appellants cannot recover, because the deceased motorcycle officer was himself guilty of negligence which proximately contributed to the accident; and we are of the opinion that this claim of respondent must be upheld, for the evidence established the fact that the 60-to-65-mile speed of the deceased motorcycle officer contributed proximately, at least in some degree, to the fatal collision. Section 120 of the California Vehicle Act, in effect at the time this accident occurred, exempted police officers operating vehicles in the chase or apprehension of law violators from the provisions of the act regulating speed, but the defendant automobile driver's duty to yield the right of way to the deceased motorcycle officer was determined by the provisions of subdivision b of section 132 of the Vehicle Act, which provides that *the driver of a vehicle upon a public highway shall yield the right of way to any authorized emergency vehicles* when the latter are operated upon official business *and the drivers of such emergency vehicles sound audible signal by siren.* In the instant case the evidence shows without conflict that the siren was not sounded at any time by the officers. Both the aforesaid sections, however, further provide that in no instance shall the drivers of emergency vehicles be absolved of the duty to drive with due regard for the safety of all persons using the highway.

The decedent in this case was not entitled to any more consideration from fellow motorists in the matter of yielding the right of way than was due to the driver of any private vehicle, because decedent failed to claim his superior right to the use of the highway by sounding an audible signal with his siren.

Had this case been the ordinary one between two private vehicles, the evidence adduced by plaintiffs would have convicted the decedent of contributory negligence. An ordinary motorcycle driver would have no excuse for driving on the highway at nighttime between 60 and 65 miles per hour, when, by reason of darkness, drivers of other vehicles would be unable to see and determine the speed at which such motorcycle was being driven; and while a police motorcycle officer on official business cannot be held to the same duty as to speed, still he cannot demand a yielding of the highway by another

motorist unless he complies with the statutory requirement and sounds an audible signal by siren. And if the failure of the driver of the emergency vehicle to sound a·siren, coupled with the rate of speed at which he was traveling, constituted negligence which contributed proximately to the accident, then the driver of such emergency vehicle, being himself guilty of negligence, is barred from recovering damages for his injuries, and his surviving wife and children are thereby barred from recovering damages for the death of a husband and father.

Disregarding conflicting evidence in the record before us, and giving the plaintiffs' evidence all the value to which it is legally entitled, indulging in every legitimate inference which may be drawn from that evidence, we are of the opinion that there is no evidence of sufficient substantiality to support a verdict in favor of plaintiffs if such a verdict were given, irrespective of the negligence of the defendant, for the reason that the decedent was himself guilty of negligence which contributed directly and proximately to the accident.

For the foregoing reasons, the judgment appealed from is affirmed.

York, Acting P. J., and Doran, J., concurred.